```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| THOMAS LEE WHITE | CIVIL ACTION |
| VERSUS | NO: 07-5779 |
| MARLIN GUSMAN, ET AL. | SECTION: "J" (3) |

### ORDER AND REASONS

Before the Court is Defendant, Keva Landrum-Johnson's Motion to Dismiss (Rec. Doc. 13). For the reasons below, Defendant's Motion is **GRANTED**.

### BACKGROUND

Plaintiff Thomas White was arrested for public drunkenness a few days before Hurricane Katrina struck New Orleans. For reasons that are not entirely clear, both parties agree that the police officers who arrested White believed that he was a parole violator. He remained incarcerated at Orleans Parish Prison because of the alleged parole violation. However, the Plaintiff was not on probation at the time of his arrest, and it appears that his incarceration was the result of mistaken identity. It is unclear at this time whether the Plaintiff was ever prosecuted on the charge of public drunkenness for which he was originally arrested.

White was in Orleans Parish Prison when Hurricane Katrina

struck, and was evacuated to the Hunt Correctional Center in St. Gabriel, Louisiana before being routed to facilities in Rapides and Catahoula Parishes.

White was released from prison on August 18, 2006[1] and filed this lawsuit on September 21, 2007.  He alleges a civil rights violation under 42 U.S.C. § 1983 for wrongful imprisonment.  He has sued the District Attorney of Orleans Parish, the Orleans Parish Criminal Sheriff, and the Warden of the Catahoula Parish Correctional facility where he was held.

The district attorney filed this motion claiming that the case has prescribed.  The district attorney argues that prescription began to run at the time that White was arrested, based on the recent Supreme Court ruling of *Wallace v. Kato*, 127 S. Ct. 1091 (2007).  Even if *Wallace* does not apply, the District Attorney argues that prescription began to run at the time Mr. White was released from prison, or August 18, 2006.

Plaintiff responds that Judge Berrigan's September 1, 2005 order suspending prescription following Hurricane Katrina tolled prescription in this case, and regardless the rule in *Heck v. Humphrey*, 517 U.S. 477 (1994) states that prescription does not begin to run until the criminal conviction in question is

---

[1] In his complaint, White states that Judge Frank Marullo ordered his release in September, 2006.

2

overturned.  Therefore, Plaintiff states that since there has been no overturning of a criminal conviction, prescription has not yet begun to run.

### DISCUSSION

While section 1983 provides a federal cause of action, courts must look to the law of the State in which the cause of action arose in order to determine the appropriate prescriptive period.  *Wallace v. Kato*, 127 S. Ct. 1091, 1094-95 (2007); *Owens v. Okure*, 488 U.S. 235 (1989); *Barden v. Tex. A&M Univ. Sys.*, 636 F.2d 90, 92 (5th Cir. 1981).  The Court considers the prescriptive period that the State provides for personal injury torts.  *Wallace*, 127 S. Ct. at 1094.  There does not seem to be any question that the applicable prescriptive period, therefore, is one year.  *See* LA. CIV. CODE ANN. art. 3492

Even though the applicable prescriptive period is governed by state law, the Supreme Court has noted that the time that the prescription begins to run is a matter of federal law.  *Wallace*, 127 S. Ct. at 1095.  The Supreme Court held that prescription begins to run at the point when the "plaintiff can file suit and obtain relief."  *Id.*  Therefore the Court held that a plaintiff could "file[] suit as soon as the allegedly wrongful arrest occurred."  *Id.*

The Court then held that a section 1983 claim for wrongful

imprisonment closely resembles the intentional tort of false imprisonment, and the Court recognized that the prescriptive period on a false imprisonment claim "begins to run . . . when the alleged false imprisonment ends." *Id.* at 1096.[2]  The absolute latest that Mr. White's alleged false imprisonment could have ended is the date that he was released from custody, or August 18, 2006 in this case.  White did not file suit until September 21, 2007.

Plaintiff urges this court to look to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Court considered the section 1983 claim of a state prisoner who raised "claims which, if true, would have established the invalidity of his outstanding conviction."  *Wallace*, 127 S. Ct. at 1097 (*citing Heck*, 512 U.S. at 484).  However, like in *Wallace*, the *Heck* rule is not applicable to this case.  The *Wallace* court noted that *Heck* is only relevant when there is a conviction or sentence that has not been invalidated.  *Id.* at 1097-98.

---

[2] In the context of the *Wallace* case, the Supreme Court held that the wrongful imprisonment ends once the victim becomes held pursuant to legal process.  Therefore the Court held that the prescriptive period begins to run when the Plaintiff was bound over for trial by the magistrate.

However, that does not appear to be the case in this situation. There is no evidence that there was ever any appearance before the magistrate or any judicial officer.

Such is not the case here. While Plaintiff may be correct that no judge has held that White had not violated probation, there is also no order that White had violated probation. In other words, there is no criminal conviction that must be set aside. Therefore the *Heck* rule is inapplicable to the case at bar.

Plaintiff also urges this court to consider Judge Berrigan's September 1, 2005 order that suspended the running of prescription until November 24, 2005 in light of the extraordinary circumstances surrounding Hurricane Katrina. Assuming, without deciding, that Judge Berrigan's September 1, 2005 order did, in fact, suspend prescription, Plaintiff's argument is unpersuasive. While Plaintiff's right of action accrued the moment he was arrested, as explained above, prescription did not begin to run until the date that he was released, August 18, 2006.

A suspension of prescription merely stops the running during the suspension, and thereafter the obligee has only so much of the prescriptive period as was remaining when the suspension began. *See Eastin v. Entergy Corp.*, 971 So. 2d 374, 381 (La. App. 5 Cir. 2007); LA. CIV. CODE ANN. art. 3472. In contrast, had prescription been interrupted, the time that had accrued is not counted and prescription begins to run anew from the last day of

5

interruption.  L<small>A</small>. C<small>IV</small>. C<small>ODE</small>. A<small>NN</small>. art. 3466.  For the Plaintiff, prescription was not running during the time period affected by Judge Berrigan's order.  Therefore there was nothing for the order to interrupt or suspend.  Prescription began to run on August 18, 2006 and the action prescribed on August 18, 2007.  Accordingly, the action against the District Attorney must be dismissed because the action has prescribed.

This motion was only filed by the District Attorney, and no other defendants have joined in the motion.  It would appear that in this circumstance if the action has prescribed as to one of the defendants, it has prescribed to them all, especially since the petition does not list any other complaints against any of the other defendants.  Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. 13) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's case is **DISMISSED** as against all Defendants.

New Orleans, Louisiana this the 4th day of June, 2008.

 _____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE