UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

THOMAS LEE WHITE                              CIVIL ACTION

VERSUS                                        NO: 07-5779

MARLIN GUSMAN, ET AL.                         SECTION: "J" (3)

                         **ORDER AND REASONS**

   Before the Court is Plaintiff's **Motion for New Trial (Rec Doc. 28).**  This motion, which is opposed, was set for hearing on July 9, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be denied.


                         **Background Facts**

   Plaintiff Thomas Lee White was arrested for public drunkenness a few days before Hurricane Katrina struck New Orleans.  White was booked on August 24, 2005, for a probation violation.  At that time, the arresting officers believed that he was a parole violator.  White remained incarcerated at Orleans Parish Prison because of the alleged parole violation.  Later it

was discovered that White had not been on probation, but rather his identity was mistaken for a parole violator.  White was in Orleans Parish Prison when Hurricane Katrina made landfall, and was evacuated to the Hunt Correctional Center in St. Gabriel, Louisiana before being routed to facilities in Rapides and Catahoula Parishes.  He was released from prison on August 18, 2006.

This lawsuit was filed on September 21, 2007 alleging that White's civil rights were violated under 42 U.S.C. § 1983 for wrongful imprisonment.  The District Attorney of Orleans Parish, the Orleans Parish Criminal Sheriff and the Warden of the Catahoula Parish Correctional Facility were named as defendants.  The District Attorney filed a Motion to Dismiss arguing that the claims asserted by White had prescribed.  On June 4, 2008, by this Court's Order, the Motion to Dismiss was Granted and the plaintiff's case was dismissed as against all defendants.  This Court's Judgment was electronically served on June 6, 2008.  Shortly thereafter, on June 16, 2008, plaintiff filed this Motion for New Trial pursuant to Federal Rule of Civil Procedure 59 and, in the alternative, Federal Rule of Civil Procedure 60.

## The Parties' Arguments

The plaintiff makes several arguments in support of his motion.  First, he asserts the doctrine of contra non valentem

agere mullit currit praescriptio, arguing that the Orleans Parish Criminal Sheriff, the District Attorney of Orleans Parish and/or the Warden of Catahoula Correctional Center concealed the fact that White was improperly detained in prison.

Plaintiff cites Corsey v. State,, 375 So.2d 1319, 1321 (La. 1979), as authority for the proposition that contra non valentem applies, "[w]here the debtor himself has done something effectually to prevent the creditor from availing himself of his cause of action."  White argues that this principle is applicable because the defendants allegedly released him on a false factual basis, i.e. that he had satisfactorily completed his time for a probation violation.

Additionally, plaintiff now argues that because he is a person of low intellect he was incapable of bringing a suit in proper person and thus prescription cannot run against him. Lastly, plaintiff alleges violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"),  18 U.S.C. § 1961, et seq., under the theory that he repeatedly claimed to the staff at the Catahoula Correctional Center that he was being wrongfully detained yet it was not until April 2006 that he was able to file a Writ of Mandamas with the help of a legal aid service.  Thus, plaintiff argues that the wrongful detention was a direct result of the cooperation of the defendants.

The Orleans Parish District Attorney has filed an opposition

memorandum arguing that plaintiff's motion is without merit. First, the district attorney asserts that although titled a Motion for New Trial, plaintiff's motion is actually a motion for reconsideration.  Such a motion is analogous to a motion to alter or amend judgment under Rule 59(e) since the motion was served within ten days of the judgment.  <u>Lavespere v.Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167,173 (5th Cir. 1990) abrogated on other grounds by <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1975 n. 14 (5th Cir. 1994).  Had the plaintiff filed the motion outside of this ten day window, then it would be considered a Rule 60 motion.  The district attorney argues that none of the established reasons for granting a Rule 59 motion exist in this case.  Further, defendant argues that because plaintiff's motion raises new arguments and legal theories that could have been raised prior to the entry of judgment, the motion should be denied in accordance with <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990)

Additionally, the defendant asserts that this Court's previous finding regarding prescription was correct.  The district attorney argues that the unlawfulness of the arrest or alleged unlawfulness of the detention, not the reasons for release, commences the prescriptive period.  Moreover, defendant argues that evidence of the publicly available docket entry regarding plaintiff's release arose more than one-year prior to

4

the time that plaintiff filed suit on September 21, 2007.  Thus, if there was any concealment, which is specifically denied, it ended when this document was made public.  Also, the defendant argues that plaintiff knew he was wrongfully in prison based on his own statements that he "repeatedly claimed to the staff at the Catahoula Correctional Center that he was wrongfully detained."  Plaintiff's Memorandum in Support (Rec. Doc. 28).  Defendant asserts that this admission is fatal to his argument that prescription had not run since plaintiff concedes that he had knowledge of his cause of action prior to being released on August 18, 2006.

## **Discussion**

This motion was filed within ten days of this Court's entry of final judgment.  Such a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e). Lavespere, 910 F.2d at 173.  A district court has considerable discretion to grant or deny a motion for reconsideration.  See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).  However, a court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. Kelly v. Bayou Fleet, Inc., No. 06-6871, 2007 WL 3275200, at *1 (E.D. La. Nov.  6, 2007).  The Court must "strike the proper balance" between the

need for finality and "the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co., 6 F.3d at 355. For such a motion to reconsider to succeed the mover must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (quoting Pioneer natural Res. USA, Inc. v. Paper, Allied Indus., Chem and Energy Workers Int'l Union Local 4-487, 328 F.3d 818, 828 (5th Cir. 2003)).

There are several factors that a court may assess in considering a Rule 59 motion. These factors include: "(1) whether the judgment was based upon a manifest error of fact or law; (2) the existence of newly discovered or previously unavailable evidence; (3) whether a new trial is necessary to prevent manifest injustice; and (4) an intervening change in controlling law." Tauzier v. Julian Graham Dodge, No. 97-2444, 1998 WL 458184, at *2 (E.D. La. Aug. 4, 1998). A motion to reconsider is not the proper vehicle to relitigate old issues, raise new arguments or present evidence that could have been submitted prior to the entry of judgment. See Simon v. United States, 891 F.2d 1154, 1159 (5th Cir.1990).

It is clear to the Court that none of these factors are present in this case. Previously, this Court held that prescription as to plaintiff's claims for wrongful detention began to run on August 18, 2006, and thus the action prescribed

6

on August 18, 2007.  This finding was based on the well-established principle that prescription begins to run at the point when the plaintiff can file suit and obtain relief. Wallace v. Kato, 127 S.Ct. 1091, 1094-95 (2007).  Therefore, this Court held that the plaintiff could have filed suit as soon as the plaintiff was aware of the  allegedly wrongful arrest. Plaintiff admits in his Memorandum in Support of Motion for New Trial that  he "repeatedly claimed to the staff at the Catahoula Correctional Center that he was wrongfully detained." Plaintiff's Memorandum in Support (Rec. Doc. 28).  Thus, plaintiff concedes that he had knowledge of his cause of action prior to being released on August 18, 2006.  Consequently, White's own knowledge of his wrongful detainment had existed for more than one year before he filed suit.

　　　Additionally, there is no newly discovered or previously unavailable evidence that plaintiff has presented in his motion to reopen this case.  There has been no intervening change in the controlling law and a new trial is not necessary to prevent a manifest injustice.  Finally, plaintiff's motion attempts to raise the new issues of a RICO claim and an argument of incompetence.  Such arguments should have been made prior to the Court's Order of Dismissal and they cannot now be raised in an attempt to win reconsideration.  See Simon, 891 F.2d at 1159. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for New Trial (Rec Doc. 28)** is **DENIED.**

New Orleans, Louisiana, this 24th day of October, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE